**FILED**

DEC 0 1 2009 **NF**
DEC 01 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

09cv7456
Judge Robert M. Dow, Jr
Magistrate Michael T. Mason

Lewis T. Steadman, Jr.
110 E. Sheridan Road
Lake Bluff, Illinois 60044
Telephone: (847) 295-3463
Facsimile: (847) 295-1403

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

DEALER PRODUCT SERVICES, INC.,

    Plaintiff

    V.

J & L MARKETING, INC.

    Defendant

**COMPLAINT FOR DECLARATORY
RELIEF RE NON-INFRINGEMENT
OF COPYRIGHT**

1. This is a civil action seeking declaratory relief. Plaintiff DEALER PRODUCT SERVICES, INC. (hereafter "DPS"), is an Illinois Corporation located at 3105 N. Wilke Road, Arlington Heights, Illinois 60004. DPS specialized in database management and database marketing for the automotive industry. Defendant, J & L MARKETING, INC., has sent a letter to DPS charging it with Copyright Infringement. This threat gives rise to the declaratory relief sought in this action.

## PARTIES

2. Plaintiff, DEALER PRODUCT SERVICES, INC., is an Illinois corporation headquartered at 3105 N. Wilke Road, Arlington Heights, Illinois 60044.

3. Defendant J & L MARKETING INC., is, upon information and belief a

Kentucky corporation headquartered at 2100 Nelson Miller Parkway, Louisville, Kentucky 40223.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to the Copyright Act, 17 U.S.C. section 101 et seq., 28 U.S.C. section 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. section 2201.

5. Plaintiff is informed and alleges that Defendant has sufficient contact with this district generally and, in particular, with the events herein alleged, including but not limited to its advertising over the Internet of its services to residents of the Northern District of Illinois so as to subject it to both personal jurisdiction in this Court and to make this Court a proper venue pursuant to 28 U.S.C. section 1391. Upon information and belief Defendants also sells its services to businesses in this District. Defendant maintains and Internet E-Commerce website at www.JandLMarketing.com which sells to residents of many states including Illinois. Venue is also proper in this district under 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim raised by Defendant occurred in the Northern District of Illinois. Defendant sent its cease and desist letter to the Plaintiff in the Northern District of Illinois and Defendant has alleged that Plaintiff has infringed Defendant's alleged copyright in this District.

## FACTUAL ALLEGATIONS

7. On November 16, 2009 Defendant J & L MARKETING, INC. sent a cease and desist or demand letter to Plaintiff alleging that Defendant had created an original

solicitation letter in 2007 entitled "BMW CLINIC LETTER" and had applied for and obtained a copyright registration on the document. Defendant has not yet obtained a copyright registration on the "BMW CLINIC LETTER". A copy of the demand letter is attached as Exhibit A.

8. Upon information and belief Defendant's "BMW CLINIC LETTER" was reviewed and edited by BMW Corporation and therefore Defendant is at best a co-author of the "BMW CLINIC LETTER" with BMW Corporation. Defendant lacks standing to assert copyright infringement against Plaintiff without first obtaining authorization from its co-author BMW Corporation. Defendant's application for copyright registration of the "BMW CLINIC LETTER" may also be tainted since Defendant apparently did not identify BMW Corporation as a co-author of the "BMW CLINIC LETTER" when it submitted it's application to the U.S. Copyright Office.

## COUNT 1: DECLARATORY RELIEF OF NON-INFRINGEMENT

9. Plaintiff repeats and incorporates as though fully set forth herein each and every allegation in paragraphs 1 through 8 above.

10. There is a real and actual controversy between the Plaintiff and Defendant as to whether Defendant's alleged application for copyright registration is correct and valid.

11. Plaintiff therefore requests that the Court determine and adjudge whether Defendant's allegations of originality and sole authorship of the "BMW CLINIC LETTER" are false and therefore whether Defendant lacks standing and authority to threaten Plaintiff and disrupt it's business.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that Defendants J & L MARKETING, INC.'S "BMW CLINIC LETTER" is not original to Defendant and Defendant does not have the standing to bring an action against Plaintiff without obtaining the authorization and/or license from BMW Corporation.

2. Injunctive relief restraining Defendant, and its agents, servants, employees, successor and assigns, and all those in privity with it, from bringing any lawsuit or threat against Plaintiff for copyright infringement regarding the use of text owned by and/or authored by BMW Corporation.

3. Attorney's fees pursuant to, *inter alia,* 17 U.S.C. section 505.

4. For Plaintiff's costs and disbursements; and

5. For such other and further relief as the court may deem just and proper.

Dated: November 30, 2009

DEALER PRODUCT SERVICES, INC.

By LEWIS T. STEADMAN, JR.
110 E. Sheridan Road
Lake Bluff, Illinois 60044
Telephone: (847) 295-8463
Facsimile: (847) 295-1403

Attorney for Plaintiff

# EXHIBIT A



**MIDDLETON
REUTLINGER**

2500
Brown & Williamson
Tower
Louisville, Kentucky
40202
502 784 1135
502.561.0442 fax
www.middreut.com

Brian P. McGraw
Direct Dial (502) 6259735
mcgraw@middreut.com

November 16, 2009

<u>**VIA UPS OVERNIGHT DELIVERY**</u>

*<u>Advance Copy Via Facsimile to 847.478.1325</u>*

Dealer Product Services, Inc.
c/o Timothy J. O Neil (President/CEO and registered agent)
3105 N. Wilke Road, Suite A
Arlington Heights, Illinois  60004
Fax: (847) 478-1325

**RE:   Infringement of J&L's "BMW Clinic Letter" Copyright**

To Whom it May Concern:

By way of introduction, this firm represents J&L Marketing, Inc. ("J&L"), in connection with intellectual property matters.  One of the valuable pieces of intellectual property owned by J&L is the copyright to a solicitation letter entitled "BMW Clinic Letter".  A copy of this copyrighted work is attached hereto as Exhibit "A".

It has recently come to J&L's attention that you have been distributing a virtually identical solicitation letter for BMW dealerships in direct competition with J&L.  Our client has asked us to contact you in this regard so that we can avoid filing a lawsuit against you in federal court for copyright infringement.

By way of background, J&L is a national leader in developing direct marketing campaigns for the automotive and recreational vehicle industry.  For more information on J&L, we refer you to our client's website located at www.jandlmarketing.com.  As part of its services, J&L creates original solicitation letters designed to encourage customers and potential customers of automobile dealers to attend sales events at special event sales. The content and form of these letters are created based upon J&L's years of research and experience in marketing such special events.

As part of its continuing marketing efforts and research, J&L created a new and original solicitation letter in 2007 entitled the "BMW Clinic Letter".  This letter (*see* Exhibit A) was first published by J&L on or about April 2, 2007.  Over the years, the letter has generated a large response and has been responsible for very successful sales events.

MIDDLETON
REUTLINGER

J&L has complied in all respects with the provisions of the Copyright Act, and on July 30, 2009, the deposits, applications and fees required for registration of copyright in the "BMW Clinic Letter" were delivered to the Copyright Office in proper form (J&L's copyright application for registration of the BMW Clinic Letter is attached hereto as Exhibit "B"). The Copyright Office has assigned Case No. 1-225541559 to the application.

J&L recently conducted a sales event with Momentum BMW West in Houston, Texas. As part of this event, J&L produced a version of the BMW Clinic Letter specifically for Momentum – this version of the BMW Clinic Letter is attached hereto as Exhibit "C". It has come to J&L's attention that a DPS sales representative attended the event in Houston and even took photographs at the event.

The version of the letter that you recently reproduced and distributed (and which is currently displayed on your website at http://www.bmwclinicevent.com/Page7.htm), attached hereto as Exhibit "D", is virtually identical to J&L's copyrighted BMW Clinic Letter. Your reproduction, distribution and display of a virtually identical solicitation letter infringes J&L's copyright in violation of the U.S. Copyright Act, 17 U.S.C. §101 *et seq.*

Further, it would appear that you are displaying additional material which is virtually identical to material featured on J&L's BMW clinic website and its BMW Service Clinic Sales Atlas (excerpts of J&L material are attached hereto as Exhibit "E" and excerpts of DPS material are attached hereto as Exhibit "F"). This type of activity may constitute additional acts of copyright infringement under the Copyright Act and, alternatively, may constitute unfair competition under the common law of the states of Texas, Illinois and/or Kentucky (or any other state whose law may apply to a potential dispute between the parties).

United States Copyright Law grants certain exclusive rights to the creators of copyrighted works, including the exclusive rights to:

- Reproduce (copy) the copyrighted work;
- Prepare derivative works based on the copyrighted work;
- Distribute copies of the copyrighted work to the public; and/or
- Display the work

*See* 17 U.S.C. §106. When those rights are infringed, the copyright owner is entitled to recover damages suffered as a result of the infringement. Indeed, the remedies for infringement available under the U.S. Copyright Act can be severe, and include injunctive

MIDDLETON
REUTLINGER

Dealer Product Services
November 16, 2009
Page 3 of 4

relief, impoundment and/or destruction of infringing material, damages in the form of profits made by the infringer from sales of infringing material, payment of statutorily-prescribed damages of up to $150,000 per act of infringement, and reimbursement of attorney's fees and costs. *See* 17 U.S.C. §§ 502 – 505. It is important to note that actual damages may take the form of J&L's lost profits and/or your profits – with the primary measure of actual damages being lost profits suffered by J&L. *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F. Supp. 151, 155 (D.C.N.Y. 1984). Should this case proceed to federal court, in the least, J&L will be able to recover the profits you have made from conducting any service clinics marketed by your infringing solicitation letter. J&L will likely be able to recover its attorneys' fees as well. J&L will seek the maximum amount of damages available to it should it be forced to litigate this matter.

Rather than initiate a legal action for copyright infringement, and in order to evaluate the potential damages it has suffered as a result of your acts of copyright infringement, J&L demands that DPS:

- Immediately and permanently cease and desist from reproducing, preparing derivative works, distributing and displaying J&L's BMW Clinic Letter and/or any other solicitation letters substantially similar thereto;
- Immediately cancel any events that have not yet taken place in which the dealer and/or customer was provided an infringing copy of the J&L BMW Clinic Letter and/or any solicitation letter substantially similar thereto;
- Set aside all infringing material until such time as J&L can decide whether that material needs to be destroyed and/or shipped to J&L for destruction;
- Provide J&L with a list of all customers and/or dealers to which infringing letters have been distributed; and
- Provide J&L with an accounting of all sales consummated after distribution of an infringing letter to a potential customer.

Upon receipt of this information, J&L will evaluate its claim for monetary damages against DPS and respond accordingly.

Further, since litigation is likely, we ask that you do not destroy copies of any materials and/or correspondence related to your decision to reproduce, distribute and/or display copies of J&L's BMW Clinic Letter, including, but not limited to, copies of documents discussing such activity or any materials and correspondence related to the reproduction, distribution and/or display of such infringing materials, as such actions would constitute spoliation of evidence. The duty to preserve evidence extends to, but is not limited to, data files, e-mails, calendars, telephone logs, access lists, and logs that are located on your computer networks, e-mail servers, mainframes, individual computer

**MIDDLETON
REUTLINGER**

**Dealer Product Services**
November 16, 2009
Page 4 of 4

workstations, and external drives, or are located on any of those devices within your control but not owned by you, such as your web host.

We are confident that you will appreciate the significance of this matter and will respond accordingly. Therefore, we request your response to this letter – indicating an acceptance of the above settlement offer – in writing on or before close of business on **Friday, November 20, 2009.** Should you not respond by this date, we will consider whether litigation is warranted. We would strongly advise you to pass this letter on to a qualified copyright attorney and have them contact us with any questions. Otherwise, please contact us directly to discuss this matter more fully.

Very truly yours,

**MIDDLETON REUTLINGER**

Brian P. McGraw

BPM/ca
Enclosures:

cc:    Dennis D. Murrell, Esq.
       J&L Marketing, Inc.